Cris Rogers, Bar No. 9411121
ROGERS & WIRSCHEM LLC
2600 Denali Street, Suite 711-B
Anchorage, AK 99503
(907) 565-5663 T; 565-5684 F
crisrogers@mac.com
Attorneys for Plaintiff Michael Hobson

Kenneth A. Norsworthy, Bar No. 770505
711 H Street, Suite 410
Anchorage, AK 99501
(907) 279-1000 T; 276-4125 F
ken@norsworthylawfirm.com
Attorneys for Plaintiffs Terry & Jacqueline Quantrille

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MICHAEL D. HOBSON, TERRY QUANTRILLE and JACQUELINE QUANTRILLE, <br><br> Plaintiffs, <br><br> vs <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DAVID FLETCHER and JOHN DOE, <br><br> Defendants. | **COPY** <br> Original Received <br> **APR 2 8 2016** <br> Clerk of the Trial Court |

Case No. 3AN-16-6264 CI

## COMPLAINT

NOW COME plaintiffs, MICHAEL D. HOBSON, by and through his attorneys, Rogers & Wirschem LLC, and plaintiffs TERRY QUANTRILLE and JACQUELINE QUANTRILLE, husband and wife, by and through their attorney

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT
3AN-16-6264 CI

1

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 1 of 16

the Law Office of Kenneth A. Norsworthy, LLC, and for their complaint against the defendants, State Farm Mutual Automobile Insurance Company, David Fletcher and John Doe, allege as follows.

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff MICHAEL HOBSON was a resident of Anchorage, Alaska at all times relevant to this action. Plaintiff Michael Hobson prosecutes this claim as an Assignee, under an Agreement entered into with Assignor Frontier Law Group, LLC, assigning its rights against the defendant State Farm Mutual Automobile Insurance Company.

2. Plaintiffs TERRY QUANTRILLE and JACQUELINE QUANTRILLE, husband and wife, were residents of Anchorage, Alaska at all times relevant to this action. Plaintiffs Terry Quantrille and Jacqueline Quantrille prosecute this claim as Assignees, under an Agreement entered into with Assignor Frontier Law Group, LLC, assigning its rights against the defendant State Farm Mutual Automobile Insurance Company.

3. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM") Company # 541, NAIC # 25178, is an Illinois corporation with its principal office and place of business in Illinois. STATE FARM transacts automobile insurance in the state of Alaska.

4. DAVID FLETCHER (hereinafter "FLETCHER") is, on information and belief, a resident of the State of Alaska. At all relevant times, Mr. Fletcher
ROGERS & WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
T(907)565-5663
F(907) 565-5684

Hobson & Quantrille et al v. State Farm Mutual Automobile Insurance Co et al
COMPLAINT

2

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 2 of 16

was a claims representative employed by Defendant State Farm. All relevant acts by FLETCHER were conducted while acting in the course of his employment with STATE FARM.

5. Defendant John DOE is a fictitious name representing a claim representative employed by STATE FARM whose actual name is unknown to Plaintiffs at this time. John DOE is, on information and belief, a resident of the State of Alaska. At all relevant times, DOE was an employee of STATE FARM acting within the course and scope of his employment.

6. The Court has jurisdiction over the subject matter of this action and the parties under AS 22.10.020.

7. Venue is proper in this matter pursuant to AS 22.10.030 and Civil Rule 3(c) because the claims at issue arose in the Third Judicial District and STATE FARM may be served within the district pursuant to AS 21.09.180 through service upon the Alaska Division of Insurance.

## II. NATURE OF THE CASE

8. This action arises from STATE FARM's failure to honor its obligations as an insurer in connection with a motor vehicle collision, March 29, 2013, on the northbound Glenn Highway at the South Peters Creek Exit.

9. CHRISTOPHER CYPHERS ("CYPHERS") was operating a red 2006 Hummer that knocked HOBSON's GMC pickup truck in to the back end of a road grader operated by TERRY QUANTRILLE.

ROGERS & WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
T(907)565-5663
F(907)565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT

3

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 3 of 16

10. The collision caused catastrophic personal injury damages to HOBSON and TERRY QUANTRILLE. STATE FARM denied coverage for the collision.

11. Frontier Law Group LLC entered into an agreement with the plaintiffs assigning its rights against STATE FARM, for breach of insurance contract and bad faith, and assenting to a Consent Judgment being entered in favor of HOBSON for $600,000, and $700,000 for TERRY QUANTRILLE and JACQUELINE QUANTRILLE. The Consent Judgment, in Case No. 3AN-13-06842 CI, was entered, on March 17, 2016, by the Honorable Patrick J. McKay, Judge of the Superior Court.

### A. The March 29, 2013 Motor Vehicle Collision.

12. On or about March 29, 2016, HOBSON was driving to his home in the Chugiak – Eagle River area after retrieving his driving record from the Eagle River branch of DMV to give to his new employer Elite Flight Services. He was scheduled to start his new mechanic's job on April 1, 2013. HOBSON was in the right lane, Northbound in his GMC pickup in a line of three vehicles. A white sedan was in front of HOBSON and CYPHERS was behind him. Their speed was approximately 65 mph.

13. As they approached the South Peters Creek exit the white Sedan started his blinker, at the same time HOBSON observed the flashing amber beacon on top of a road grader on the right side of the exit being operated by

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT
Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 4 of 16

4

Terry Quantrille, a state of Alaska employee. As the white sedan approached the exit, approximately 100' from the top of the exit, the road grader, to the right side of the exit, backed to the top of the exit ramp. In response HOBSON tapped his brakes and glanced in his left mirror to see if the left lane was clear. Immediately thereafter HOBSON glimpsed in his mirror the front bumper of the red Hummer coming at his door.

14. The Hummer knocked HOBSON's GMC truck into the rear of the road grader. The impact destroyed the front of HOBSON's truck totaling the vehicle. The Hummer struck the road grader's left rear tire. The road grader was positioned on the right side of the exit ramp removing ½" of new snow and was not blocking the exit ramp. There was room to exit the highway and safely pass by the road grader.

15. The force of the impact caused the plaintiffs to suffer serious physical injuries. HOBSON required neck, shoulder and wrist surgeries as well as other treatment for the injuries suffered in the collision. The reasonable and necessary treatment cost for collision related injuries to date exceeds $225,000.00. Hobson is partially permanently disabled and requires continued medical care. He is unable to return to his job as a mechanic.

16. The force of the collision caused TERRY QUANTRILLE to suffer serious physical injuries, including an injury to his eye that required surgery. He has had in excess of $198,000 in reasonable and necessary treatment costs

ROGERS & WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
T(907)565-5663
F(907)565-5684

related to the collision. TERRY QUANTRILLE has a partial permanent disability as a result of his injuries. JACQUELINE QUANTRILLE, as a direct and proximate result of the injuries sustained by her husband, has suffered injuries that include loss of consortium, love and services.

17. At the motor vehicle crash scene, investigating Anchorage Police Officer Shelia Bender made recorded statements of the parties, including those of Christopher Cyphers, as referenced in the Alaska Motor Vehicle Collision Report # 13-013339.

### B. Christopher Cyphers, Frontier Law Group LLC and FLG Corporate Services LLC.

18. At the time of the March 29, 2013 collision, CYPHERS was an officer/employee of the law firm Frontier Law Group LLC ("FRONTIER"), an Alaska Limited Liability Company authorized to do business in the state of Alaska.

19. At the time of the collision, the red 2006 Hummer, License No. GHN123, VIN 5GTDN136568135289, operated by CYPHERS was owned by, and registered to, FLG CORPORATE SERVICES LLC ("FLGCS"), an Alaska Limited Liability Company authorized to do business in the state of Alaska. The Hummer was purchased in March, 2013 and a new registration, naming FLGCS as the owner, was issued by the DMV on March 21, 2013.

20. At the time of the collision, CYPHERS was in route to the Palmer Superior Court to represent a client of FRONTIER, John Becker, at a scheduled

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(9͟0͟7͟)͟565-5684

Hobson & Quantrille et al v. State Farm Mutual  6
Automobile Insurance Co et al
COMPLAINT
Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 6 of 16

motion hearing, in *Becker v. Becker*, 3PA-10-03397 CI, at 2:30 p.m. before the Honorable Craig S. Condie. CYPHERS was acting within the course and scope of his employment as an attorney for FRONTIER, therefore FRONTIER was vicariously liable for the tort damages caused by CYPHERS' negligent operation of the Hummer.

21. STATE FARM sold FRONTIER an automobile insurance policy that provided liability coverage with a $500,000 coverage limit per accident, for "NONOWNED" vehicles, Alaska Auto Policy Number 070 4369-A30-02A ("POLICY"). The policy was effective from January 30, 2013 through July 30, 2013. The premiums had been paid and the policy coverage was in full force and effect at all times relevant to the March 29, 2013 motor vehicle collision.

### C. Policy Terms

22. The Policy describes coverage for "YOUR CAR" as a "NONOWNED AUTO" and "Liability Coverage" of $500,000 Limit – Each Accident. The Policy includes endorsement 6165CA EMPLOYERS NON-OWNED CAR LIABILITY COVERAGE

23 The Policy provides that STATE FARM will pay up to $500,000 each accident for FRONTIER's vicarious liability.

24. The Policy provides the "Insured's Duty to Cooperate With Us" including (1) making settlements; (2) securing and giving evidence; and (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT
7

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 7 of 16

25. The Policy provides that the insured must submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as [STATE FARM] requires. The insured has the right to have legal representation present when answering questions under oath.

26. The Policy provides for STATE FARM's duty to defend the insured and duty to indemnify the insured in a claim or lawsuit arising out of the covered event.

### D. The Plaintiffs' Claims Against CYPHERS and FRONTIER

27. STATE FARM was put on notice April 10, 2013 of HOBSON'S claim for personal injury damages caused by CYPHERS. Hobson filed suit against CYPHERS, *Hobson v. Cyphers*, 3AN-13-06842 CI, on May 3, 2013. Stacey Walker filed an entry of appearance on behalf of CYPHERS August 22, 2013.

28. On March 3, 2014, Judge McKay allowed TERRY and JACQUELINE QUANTRILLE to intervene in the case.

29. STATE FARM denied coverage for the complained of collision in a letter addressed to HOBSON's counsel, dated March 19, 2014. The letter omitted any discussion of the basis for the denial of coverage.

30. In its letter to FRONTIER, dated March 19, 2014, STATE FARM denied coverage for the March 29, 2013 collision. In the letter STATE FARM argued that CYPHERS was the owner of the Hummer and therefore did not qualify as an insured under the policy; and, to hedge its bet, argued that

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT

8

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 8 of 16

CYPHERS did not cooperate with its investigation request for a statement under oath, and for that reason allegedly did not meet the insured's duties under the policy.

31. STATE FARM stopped providing CYPHERS defense counsel effective June 9, 2014.

32. The plaintiffs' counsel deposed CYPHERS on August 4, 2014. CYPHERS, under oath, testified that:

   a. FRONTIER purchased from STATE FARM a policy of auto liability insurance for "NONOWNED AUTOS";

   b. CYPHERS had a reasonable expectation of coverage under STATE FARM policy 0704369-A30-02A for the complained of collision.

   c. FLGCS owned the red 2006 Hummer VIN 5GTDN136568135289;

   d. CYPHERS believed he had provided STATE FARM with a statement about the collision at the time of the accident;

   e. CYPHERS believed he continued cooperation with STATE FARM up until the time they denied coverage.

   f. CYPHERS stated that STATE FARM requested another recorded statement during a time when he was conducting a trial. He asked them to send him a set of written questions and he would respond to them under oath. CYPHERS further stated that he never received the questions.

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907) 565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT

9

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 9 of 16

g. CYPHERS believed that STATE FARM had no basis to deny coverage and that STATE FARM's denial was retaliatory.

h. CYPHERS stated that he was going to Court in Palmer to represent a client in a scheduled hearing. He believed he was driving in the scope of work at the time of the collision.

i. FRONTIER employee Angela Hamann communicated with STATE FARM regarding the claim.

33. Christopher Cyphers passed away on August 10, 2014, following a small airplane crash at Big Lake, Alaska. Attorney Gregory S. Parvin was appointed as trustee counsel to represent the interests of CYPHERS.

34. Plaintiffs filed Amended Complaints to include FRONTIER and FLGCS as defendants on August 28, 2014.

35. STATE FARM provided Attorney Parvin with a "Reservation of Rights" letter on May 7, 2015. Mr. Parvin selected William Earnhart as independent counsel pursuant to AS 21.89.100.

36. On June 22, 2015, William Earnhart entered an appearance on behalf of the defendants and began conducting discovery in the case.

37. STATE FARM, in a letter dated November 17, 2015, again, denied coverage, alleging CYPHERS' lack of cooperation. STATE FARM ceased to provide a defense for FRONTIER on November 17, 2015.

38. FRONTIER assigned its rights to prosecute its breach of insurance

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(9...565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT

10

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 10 of 16

contract and other claims against STATE FARM and, or its agents, in an Agreement dated January 25, 2016, to HOBSON, TERRY QUANTRILLE and JACQUELINE QUANTRILLE.

39. FRONTIER, HOBSON, TERRY QUANTRILLE and JACQUELINE QUANTRILLE consented to the entry of judgment in *Hobson v. Cyphers* et al, Case No. 3AN-13-06842 CI, against FRONTIER and in favor of the Plaintiffs totaling $1,300,000 inclusive of pre-judgment interest, costs and attorney's fees. Judge McKay entered the Consent Judgment on March 17, 2016.

40. In his *Statement of Counsel*, dated January 25, 2016, offered in support of the assignment agreement, William Earnhart believed that STATE FARM breached its duties owed to FRONTIER; and, that it is his good faith belief that the judgment amount set forth in the Agreement and Consent Judgment comprise sums that are not outside the realm of reasonable probabilities as to a jury verdict if those claims were tried.

41. As ASIGNEES of FRONTIER's claims against STATE FARM, Michael Hobson, Terry Quantrille and Jacqueline Quantrille, "stand in the shoes" of FRONTIER and have standing to bring this action.

### III. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

42. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 41 above as though fully set forth herein.

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

43. For good and valuable consideration, STATE FARM contracted to insure FRONTIER for automobile liability loss that occurred while an officer or employee of FRONTIER was operating a NONOWNED vehicle.

44. During the operation of a "NONOWNED" vehicle, and while in the course and scope of employment, CYPHERS negligently caused an automobile collision that resulted in the Plaintiffs suffering tort damages.

45. The March 29, 2013 motor vehicle collision caused by CYPHERS' negligent acts and omissions was a covered loss under the terms of the Policy.

46. FRONTIER timely and properly notified STATE FARM of the loss and provided them with requested information.

47. FRONTIER has complied with all of the applicable terms and conditions under the Policy, with the possible exception of those terms and conditions that have been excused, waived or prevented by STATE FARM's material breach of the Policy or other wrongful acts.

48. The Policy requires STATE FARM to provide a defense for FRONITER and indemnify FRONTIER for its losses arising out of the motor vehicle collision.

49. STATE FARM materially breached its contractual duties to FRONTIER through the following acts and omissions, among others:

   a. Failing to pay for the Plaintiffs damages;

   b. Failing to provide FRONTIER and CYPHERS a defense;

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

c. Failing to provide promptly to CYPHERS and FRONTIER a reasonable explanation of the denial of coverage;

d. Failing to Indemnify FRONTIER for the losses covered under the Policy, and,

e. Failing and refusing to acknowledge that the claims are covered under the Policy.

50. As a direct and proximate result of STATE FARM's breaches of contract, the plaintiffs have suffered general and consequential damages in an amount in excess of $1.3 million.

## IV. SECOND CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

51. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 50 above as though fully set forth herein.

52. Implied in every contract of insurance is a covenant of good faith and fair dealing. This covenant obligated STATE FARM to deal with FRONTIER at all times fairly and in good faith, and with the highest consideration for their interests.

53. The duty of good faith and fair dealing meant that when the Claims under the Policy arose STATE FARM should have looked for ways to find coverage.

54. STATE FARM has breached its duty of good faith and fair dealing. STATE FARM's breaches of the duty of good faith and fair dealing include, but

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

are not limited to, the following:

a. Unreasonably refusing to pay for the damage and loss;

b. Despite the fact that STATE FARM was timely notified of the motor vehicle collision and resulting damages, and despite the fact that STATE FARM had ample time and opportunity to investigate and was provided detailed evidence from a number of sources concerning the damages, STATE FARM unreasonably delayed in paying its loss obligation under the Policy and unreasonably delayed in denying or affirming coverage;

c. STATE FARM's failure to provide reasonable and timely explanations of the basis for the denial or failure to accept coverage;

d. STATE FARM's failure to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy, including ignoring abundant evidence of ownership of the vehicle, the facts of the collision, the vicarious liability of FRONTIER for CYPHERS's negligence, information easily obtained.

e. STATE FARM's refusal to pay without a reasonable investigation of all of the available information and an explanation of the basis for denial of the Claims or for an offer of compromise settlement;

g. Instead of looking for coverage, STATE FARM focused its entire investigation and claim handling decisions on finding ways to avoid coverage;

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(907)565-5684

Hobson & Quantrille et al v. State Farm Mutual Automobile Insurance Co et al
COMPLAINT

14

h.  STATE FARM has relied on policy provisions that are void and ineffective under Alaska law and/or contrary to public policy in Alaska;

i.  STATE FARM repeatedly failed to make any reasonable effort to compromise the Claims;

55. STATE FARM knew or should have known that the acts and/or omissions described in the previous paragraphs breached its duty of good faith and fair dealing and unreasonably deprived FRONTIER of the benefits of the Policy.

56. As a direct and proximate result of STATE FARM's breaches of the covenant of good faith and fair dealing, the Plaintiffs have suffered general and consequential damages in excess of $1.3 million.

## V. THIRD CAUSE OF ACTION: PUNITIVE DAMAGES

57. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 56 above as though fully set forth herein.

58. STATE FARM's acts and omissions in intentionally refusing to pay a valid claim, in its handling of the claims, and in its other actions as described in paragraph 52 above, were outrageous, done with malice or bad motives, and/or done with reckless indifference to the interests of FRONTIER.

59. STATE FARM's acts and / or omissions warrant imposition of punitive damages.

## PRAYER FOR RELIEF

ROGERS &
WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK
99503
T(907)565-5663
F(  )565-5684

Hobson & Quantrille et al v. State Farm Mutual
Automobile Insurance Co et al
COMPLAINT
3AN-16-       CI

Case 3:16-cv-00105-TMB   Document 1-1   Filed 05/25/16   Page 15 of 16

15

WHEREFORE, having stated its Complaint against STATE FARM, the plaintiffs pray for the following relief:

1. Judgment in plaintiffs' favor for compensatory damages against defendant in an amount in excess of $100,000, the exact amount to be proven at trial;

2. judgment in plaintiffs' favor for punitive damages against defendant in an amount in excess of $100,000, the exact amount to be proven at trail;

3. plaintiffs' costs incurred in bringing suit;

4. the reasonable attorney's fees incurred by plaintiffs in bringing this action;

5. prejudgment interest accrued, and

6. such other and futher relief as the Court deems just and proper.

DATED at Anchorage, Alaska this 27th day of April 2016.

ROGERS & WIRSCHEM LLC
Attorneys for Michael Hobson

By: _____
Cris W. Rogers
Ak Bar No. 9411121

LAW OFFICE OF KENNETH A. NORSWORTHY
Attorney for Terry & Jacqueline Quantrille

By: _____
Kenneth A. Norsworthy
Ak Bar No. 770505

ROGERS & WIRSCHEM LLC
Attorneys
2600 Denali St.
Suite 711-B
Anchorage, AK 99503
T(907)565-5663
F(907)565-5684